**SAN FRANCISCO–OAKLAND NEWSPA-PER GUILD, an unincorporated association, Appellant,**

v.

**The TRIBUNE PUBLISHING CO., a corporation, Appellee.**

**No. 22385.**

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1969.

Irwin Leff (argued), of Darwin, Rosenthal & Leff, San Francisco, Cal., for appellant.

Harold W. Jewett, Jr. (argued), Oakland, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

Appellant (Guild) sought in the district court to vacate the award of an arbitrator chosen under a collective bargaining agreement to settle a dispute arising under the agreement as to salaries of certain employees. This appeal is from an order of the district court granting appellee's motion for a summary judgment.

The dispute involves the interaction of two separate schedules in the contract. The arbitrator analyzed the schedules and reached a result. The Guild concedes that the arbitrator relied "only on the language of the contract itself", but urges that the award is based upon an interpretation of the contract which is not possible.

It is not the function of the courts to review the merits of arbitration awards. The interpretation of a collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction that was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him, because their interpretation of the contract is different than his. An award is legitimate if it draws its essence from the agreement and only when the arbitrator's words manifest an infidelity to this obligation may the courts refuse enforcement of the award. (United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).)

* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

It certainly does not appear from the arbitrator's words that he was unfaithful to the contract, and it does appear from the award that he made a serious effort to resolve the dispute by applying the words of the contract to the facts.

 Without expressing our views as to the proper construction of the agreement we do believe that it is possible for an honest intellect to interpret the words of the contract and reach the result which the arbitrator reached. Under United Steelworkers of America v. Enterprise Wheel & Car Corp., supra, we do not believe it to be our function to inquire further.[1]

Affirmed.

1. *Cf.* Local Union No. 490, United Rubber, Cork, Linoleum and Plastic Workers v. Kirkhill Rubber Co., 367 F.2d 956 (9 Cir. 1966).