UNION EMPLOYERS DIVISION OF PRINTING INDUSTRY OF WASHINGTON, D. C., INC., Plaintiff,

v.

COLUMBIA TYPOGRAPHICAL UNION NO. 101, Defendant.

Civ. A. No. 630-72.

United States District Court, District of Columbia.

Feb. 5, 1973.

Lawrence T. Zimmerman, Washington, D. C., for plaintiff.

Seymour J. Spelman, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

This case is before the Court on the parties' cross motions for summary judgment. For the reasons hereinafter stated, Plaintiff's Motion for Summary Judgment must be denied and Defendant's Motion for Summary Judgment shall be granted.

### Factual Background

Plaintiff, Union Employers Division of Printing Industry of Washington, D. C., Inc., is an employer association representing employers in the printing industry in the metropolitan Washington, D. C. area for purposes of collective bargaining. Defendant is a labor organization which executed a collective bargaining agreement with Plaintiff providing for, among other things: (1) wage scale rates for journeymen and apprentices, and (2) that disputes arising under the contract may be referred to a Board of Arbitration. Shortly after the execution of the agreement a wage scale dispute arose. Thirteen of the employers covered by the agreement reduced or removed "over-scale" [1] wage payments to their employees, substituting therefor the applicable wage scale set forth in the agreement. Defendant protested this action, invoked the grievance procedure, and requested arbitration pursuant to the terms of the collective bargaining agreement. An arbitration was held and the arbitrator issued an eighteen page award with findings and conclusions sustaining Defendant's grievance.

Plaintiff seeks to vacate this arbitration award on the grounds that the arbitrator exceeded his authority and powers in sustaining the grievance by re-

1. Wage rates in excess of contractual wage scales.

quiring employer members of Plaintiff to reinstate over-scale payments to employees. Plaintiff further claims that the award is arbitrary and capricious under the terms of the parties' contract.

### Issue

The basic question of law presented by the cross motions for summary judgment, is whether, under the Court's narrow scope of review, the arbitrator's award contains errors of law and fact to the extent that the award compels violation of law or conduct `contrary to accepted public policy.

There is no dispute as to a relevant or material fact.

### Discussion

A. *The Scope of Judicial Review of An Arbitration Award is Severely Limited*

■ It is well-settled in this Circuit that an arbitration award will not be vacated

[E]ven though the arbitrator may have made, in the eyes of judges, errors of fact and law unless it "compels the violation of law or conduct contrary to accepted public policy." [2]

■ The underlying rationale for this limited scope of review is that when parties have made a bargain, as in the case at bar, to submit their disputes to arbitration, and have agreed that the decision of the Board of Arbitration "shall be final and binding," [3] that decision should not be subject to *de novo* review in the courts. As the Supreme Court said in United Steelworkers of America v. Enterprise Wheel and Car Corp.,

The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The

federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards. [4]

B. *The Arbitrator Did Not Act In An Arbitrary or Capricious Manner Nor Does the Award Compel Violation of the Law or Conduct Contrary to Accepted Public Policy*

In essence, Plaintiff claims that by incorporating the parties' past practice of over-scale payments into the collective bargaining agreement, the arbitrator exceeded his contractual authority.

However, as has been repeatedly stated in Supreme Court decisions over the past decade:

The labor arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it. [5]

■ In the case at bar, it appears from the arbitrator's decision and award that upon the taking of evidence and after carefully analyzing the parties' agreement, the arbitrator ruled that "there is contractual language which implicitly recognizes these over-scale bonuses" (Award, p. 14) and concluded that Plaintiff had "violated a well-established past industry practice. (Award, p. 18). In no manner did the arbitrator act in an arbitrary or capricious manner, nor is the award based on any mistake of fact or law. The incorporation of past industry practice was within the arbitrator's authority and based on his wide knowledge and expertise in these matters. There is ample evidence in the record to support the arbitrator's finding that there was a past practice of over-scale wage payments and it is quite "[P]ossible for an honest intellect to interpret

2. Washington-Baltimore Newspaper Guild, Local 35 v. The Washington Post Co., 143 U.S.App.D.C. 210, 215, 442 F.2d 1234, 1239 (1971).

3. Collective Bargaining Agreement, p. 4, Sec. 11.

4. 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1966).

5. United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 581–582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960).

the words of the contract and reach the result which the arbitrator reached." [6]

As hereinbefore stated, the scope of judicial review of arbitration awards is narrowly circumscribed. In no way can the award herein be said either to compel violation of the law or be contrary to accepted public policy.

6. San Francisco-Oakland Newspaper Guild v. Tribune Publishing Co., 407 F.2d 1327, 1328 (C.A.9, 1969).