In the Matter of the Arbitration between ALOHA MOTORS, INC., Petitioner-Appellee,

and

ILWU LOCAL # 142, Respondent-Appellant.

No. 75–1131.

United States Court of Appeals, Ninth Circuit.

Feb. 20, 1976.

Edward H. Nakamura, Bouslog & Symonds, Honolulu, Hawaii, for respondent-appellant.

Robert S. Katz and Richard F. Liebman, Honolulu, Hawaii, for petitioner-appellee.

## OPINION

Before WRIGHT and SNEED, Circuit Judges, and WILLIAMS,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

We reverse the decision of the district court which vacated the arbitration order.

The collective bargaining agreement between Aloha Motors, Inc. (Company) and the union provided that sick leave benefits would be granted only if a Company employee first presented a certificate from a physician or dentist licensed to practice in Hawaii.

In 1973, the Company issued a memorandum to all employees requiring that all illness or injuries be confirmed by Company physicians, at Company expense, before sick leave benefits would be paid. This Company rule was based upon an additional portion of the collective bargaining agreement which provided:

> The Company may, at its discretion and at its expense, require an examination by a Company-chosen physician at any time during the period of absence to ascertain the employee's condition.

The union objected to blanket application of the rule to all employees. Five union members challenged the rule by

---

* Honorable Spencer M. Williams, United States District Judge, Northern District of California, sitting by designation.

presenting medical certificates but they refused to obtain certification by a Company-chosen physician. They were denied sick leave benefits, and the matter went to arbitration.

Finding that requiring all employees to see a company physician before receiving benefits exceeded the intent and meaning of the collective bargaining agreement, the arbitrator sustained the union's grievance. He further ruled that each of the five employees should receive the requested sick leave benefits, since (a) each had presented a medical certificate from his own physician; and (b) there was no indication of abuse on the part of any employee-applicant.

The district court held that the arbitrator had exceeded his authority by ignoring the terms of the contract to find a requirement that the Company "show a basis for suspecting" abuse of sick leave privileges before requiring a certificate from the Company physician. The district court vacated the arbitration order insofar as it required the Company to make such a showing.

It has been established by decisions of the Supreme Court and of this court that

An award is legitimate if it draws its essence from the agreement and only when the arbitrator's words manifest an infidelity to this obligation may the courts refuse enforcement of the award.

San Francisco-Oakland Newspaper Guild v. Tribune Pub. Co., 407 F.2d 1327 (9th Cir. 1969). See United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

As the Enterprise Wheel Court noted, 363 U.S. at 598, 80 S.Ct. at 1361,

. . . mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award.

Thus, in the language of this court,

. . . if, on its face, the award represents a plausible interpretation of the contract in the context of the par-

ties' conduct, judicial inquiry ceases and the award must be affirmed. Holly Sugar Corp. v. Distillery, Rectifying, Wine and A.W.I.U., 412 F.2d 899, 903 (9th Cir. 1969).

The arbitrator's ruling herein was double-barreled: First, the Company rule requiring certification by a Company-chosen physician, regardless of circumstances, "exceed[ed] the intent" of the collective bargaining agreement. Second, since there was no showing of abuse by any of the five grievants who applied for sick leave benefits, the Company must pay the amounts which were properly requested.

While we may not have interpreted the collective bargaining agreement as did the arbitrator, we think that each portion of the arbitrator's decision can be regarded as a "plausible interpretation of the contract in the context of the parties' conduct. . . ." Holly Sugar, supra. Therefore, the district court had power only to affirm the arbitration order.

Reversed.