**LA MIRADA TRUCKING, INC. and Engineering and Grading Contractors Association, Inc., Petitioners-Appellants,**

v.

**TEAMSTERS LOCAL UNION 166, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Respondents-Appellees.**

No. 74–2436.

United States Court of Appeals, Ninth Circuit.

July 13, 1976.

Rehearing Denied Aug. 30, 1976.

---

Wayne Jett (argued), Los Angeles, Cal., for petitioners-appellants.

Julius Reich (argued), of Reich, Adell & Crost, Los Angeles, Cal., for respondents-appellees.

## OPINION

Before CHAMBERS, DUNIWAY and KILKENNY, Circuit Judges.

CHAMBERS, Circuit Judge:

Appellants, La Mirada Trucking, Inc. and the Engineering Grading Contractors Association, Inc. (EGCA), brought this action in state court seeking to vacate an award made by an arbitrator arising from a dispute between the appellants and the appellee unions. Appellees removed the case to federal district court and counterclaimed seeking enforcement of the award. The parties stipulated as to the facts underlying the controversy and the district court entered judgment for the appellees, ordering the arbitration award to be enforced. This appeal followed.

The State of California awarded a prime contract to Fontana Paving, a contractor member of the EGCA. The contract included work on a beach area adjacent to the shoreline of the New Silverwood Lake. Fontana subcontracted the preparation of the beach area to C. W. Poss, Inc., another member of EGCA. Fontana entered into a direct royalty agreement with the owner of a nearby pit which had been suggested by the state as a source of raw materials. Poss awarded a subcontract to the Watkin Construction Co., the owner of a portable screening plant, to screen large rocks out of the sand at the pit site so the sand could then be placed on the beach. The processed materials, both sand and separated rock, were stockpiled at the pit. Poss awarded a further subcontract to La Mirada Trucking, Inc., another EGCA member, to transport the sand from the pit to the beach and spread the sand at the beach site. The trip between the pit and the beach was about five miles along public highway. La Mirada, a licensed overlying carrier, engaged several owner-operators of dump trucks to drive the sand to the beach. Once at the

beach site, the trucks drove up and down the site depositing sand without stopping.

La Mirada dealt with each of the owner-operators as an independent contractor and did not place any of them on the payroll. Article XIX of the master labor agreement between the Engineering and Grading Contractors Association and the Joint Council and local unions governs the rights and responsibilities of contractors, union and owner-operators. Article XIX calls for the contractor carrying the owner-operators on his payroll and governs the matters of union membership, the owner-operators' compensation and hiring practices. However, paragraph 1921 of Article XIX provides:

> Notwithstanding any other provision of this Agreement, the Article XIX shall be applicable only to owner-operators performing (or who, upon their employment, will be performing) work to be done at the site of the construction, alteration, painting or repair of a building, structure or other construction work.

The union notified La Mirada that it felt that the owner-operators of the dump trucks should be placed on the payroll and subject to the other provisions of Article XIX. This would have in effect required La Mirada to deal only with owner-operators who were or would become union members. The parties were unable to agree to a solution to the dispute, so it was submitted to an arbitrator in compliance with the terms of the master agreement. The issue before the arbitrator was, in effect, whether the work performed by the owner-operators was work performed at a construction site (on-site work) such as to bring them within the scope of Article XIX of the master agreement. The submission to the arbitrator specified that the parties to the contract intended that the scope of coverage of Article XIX be identical to the scope of the construction industry proviso to Sec. 8(e) of the Labor Management Relations Act [29 U.S.C. Sec. 158(e)]. The arbitrator considering this dispute and another similar one arising under Article XIX, decided that the owner-operators' work was on-site work

and the provisions of Article XIX applied to them.

In both the court below and this court, the appellants raise two grounds upon which they contend that the arbitrator's order should be vacated. First, they contend that the award is beyond the scope of the submission made to the arbitrator and therefore is invalid. Second, they contend that because of the interpretation given to the on-site provision of paragraph 1921, the master agreement is extended to include compulsory union membership as a precondition to the hiring or doing business with persons when such condition cannot be applied under Sec. 8(e) of the LMRA. Therefore, they argue that if La Mirada is required to comply with the terms of the award and hire only owner-operators who are or will become union members, La Mirada will commit an unfair labor practice in violation of Sec. 8(e).

■ Before reaching the merits of these two arguments, consideration must be given to the jurisdiction of the district court to entertain this suit. Under 29 U.S.C. Sec. 185(a), a district court has jurisdiction to hear "suits for violation of contracts between an employer and a labor organization . . ." This jurisdiction extends to actions to enforce arbitration awards. The National Labor Relations Board has no jurisdiction to consider cases arising from the breach of a current collective bargaining agreement. *Fibreboard Paper Products Corp. v. Machinists Local 1304,* 344 F.2d 300 (9th Cir. 1965). This suit is one seeking review of and enforcement of an arbitrator's award granting damages for breach of a collective bargaining agreement. Since the National Labor Relations Board has no authority to hear such an action, the district court need not defer to it.

■ The decisions of this court are clear that where an arbitrator does not draw the award from the agreement and exceeds the boundary of the submission to him, the award will be held invalid. *Holly Sugar Corp. v. Distillery, Rectifying, Wine, & Allied Workers Int'l Union,* 412 F.2d 899 (9th Cir. 1969); *San Francisco-Oakland*

*Newspaper Guild v. Tribune Publishing Co.,* 407 F.2d 1327 (9th Cir. 1969). The appellants have charged that the arbitrator failed to faithfully meet his obligation in interpreting the contract. They argue that it was understood between the parties at the time of the adoption of paragraph 1921 of Article XIX that any coverage question as to the scope of the paragraph would be determined based only on the extent of legally allowable coverage under Sec. 8(e) of the LMRA. The parties intended to apply the agreement to all owner-operators they could without violating the law. This was specified in the submission to the arbitrator. Certain language in the arbitrator's memorandum deciding this case is cited by the appellants to show that the arbitrator looked to some intent of the parties as derived from the terms of the master agreement rather than properly deciding the coverage issue by reference to the law of permissible coverage under Sec. 8(e). We have reviewed the memorandum of the arbitrator in this case as well as his more complete analysis of the meaning of paragraph 1921 given in the opinion in the companion Gruen Construction matter, applied explicitly to this case by the terms of the memorandum deciding it. From these awards, it is clear that the arbitrator decided the meaning of contractual "on-site" coverage based on the permissible coverage of such agreements under Sec. 8(e). The arbitrator carried out his obligation under the contract.

The second ground alleged by appellants for refusing to grant enforcement of the award is that if the award is carried out, La Mirada will be forced to engage in an unfair labor practice. However, since the award is only one for damages, La Mirada is not being asked to do anything which could possibly be an unfair labor practice. Thus, appellants' argument has no basis in fact.

Additionally, we find that the arbitrator's decision that the work performed by the truck owner-operators was done "on-site" was reasonable. While the standards in determining on-site and off-site work are not totally clear, it seems a reasonable decision of the arbitrator that the job site here included both the beach and the special sand processing plant set up at the pit solely for this construction job. The entire area of beach, pit, and the space between them was the job site and the owner-operators were merely transporting the sand from one point on the job site to another point on the job site. This conclusion is reinforced by the activity of the owner-operators in spreading the sand on the beach. While there are cases holding that transportation of construction materials to a job site is not on-site work, these cases are distinguishable because the materials were transported from external suppliers of materials who manufactured them at a regular plant rather than a special processing center, set up solely for this job, at a location near where the materials would ultimately be used. Both the screening plant and beach are the job site and delivery from one point to the other is on-site work. Therefore, the district court committed no error in refusing to vacate the award.

The appellants also charge that the district court committed error when it failed to take judicial notice of the factual findings of the NLRB as to the status of the owner-operators as independent contractors or employees. Since the work performed was on-site work, this distinction had no relevance to the existence of a potential unfair trade practice or as to the propriety of the award. There was no error, therefore, in the refusal to take judicial notice.

The order of the district court is affirmed.