554 F.2d 985
 95 L.R.R.M. (BNA) 2810, 81 Lab.Cas. P 13,282
 In the Matter of arbitration between GENERAL TELEPHONE
COMPANY OF the NORTHWEST, INC., Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO,
LOCAL 89, Defendant-Appellee.
 No. 76-1198.
 United States Court of Appeals,
Ninth Circuit.
 May 31, 1977.
 
 Julian C. Dewell, Anderson, Hunter, Dewell, Baker & Collins, Everett, Wash., argued for plaintiff-appellant.
 Herman L. Wacker, George H. Davies, Seattle, Wash., argued for defendant-appellee.
 Appeal from the United States District Court for the Western District of Washington.
 Before LUMBARD,* WRIGHT and ANDERSON, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 General Telephone Company appeals from a decision of the district court in which an arbitration award was enforced. We affirm.
 
 
 2
 Section 23.14 of the collective bargaining agreement between the employer and the union provided: "(w)hen service or work conditions merit, an individual may be specifically appointed in-charge." Claiming a violation of the provision, the union filed a grievance on behalf of members who had not been appointed "in-charge." The matter ultimately went to arbitration as outlined in the collective bargaining agreement.
 
 
 3
 Based upon his interpretation of the provision, the arbitrator decided in favor of the union. He ruled that, according to this section, the employer must appoint an employee-in-charge, whenever two cable splicers, as in the past, were assigned to work together.
 
 
 4
 The employer argues that the arbitrator erred because § 23.14 is unambiguous and susceptible of only one interpretation, that the employer has the sole discretion to appoint an employee-in-charge whenever it determines conditions warrant such a designation. The arbitrator's interpretation was gleaned from the parties' prior conduct and from an examination of their intent as evidenced in earlier negotiations. We do not view his interpretation as " capricious" or "unreasonable." Holly Sugar Corp. v. Distillery, Rectifying, Wine & A.W.I.U., 412 F.2d 899, 904 (9th Cir. 1969). See also Steelworkers v. Warrior & Gulf Co., 363 U.S. 574, 584-5, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Aloha Motors, Inc. and I.L.W.U. Local # 142, 530 F.2d 848 (9th Cir. 1976).
 
 
 5
 It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.
 
 
 6
 Steelworkers v. Enterprise Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960).
 
 
 7
 Appellees have also asked for an award of attorney's fees. The general rule is against the allowance of counsel fees as taxable costs. 6 Moore's Federal Practice P 54.77(2). Note, 51 Wash.L.Rev. 1047, 1048 (1976).
 
 
 8
 There is no congressional authorization for an award of fees in these circumstances, nor do we consider this to be an appropriate case for the utilization of the bad faith or common benefit exceptions of the American rule. Cf. Burroughs v. Board of Trustees, 542 F.2d 1128, 1131-32 (9 Cir., 1976), cert. denied, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977).
 
 
 9
 AFFIRMED.
 
 
 10
 J. BLAINE ANDERSON, Circuit Judge, dissenting:
 
 
 11
 I respectfully dissent.
 
 
 12
 The arbitrator's interpretation and decision does plain and impermissible violence to basic rules of contract construction and the express wording of the contract when viewed in its four corners. The decision does not "draw its essence" from the contract, but rather from a forced and illogical construction which then permits an improper use of parol evidence to vary the express words of the bargained for agreement.
 
 
 13
 It simply will not do for the arbitrator to isolate § 23.14 as not giving specific power to the employer and then for him to conclude, in effect, that he is free to ignore other unambiguous, express and related sections of the contract which recognize the retention by the employer of the power and authority to manage and control the business, to direct the working forces, and to assign and reassign work functions.
 
 
 14
 In my view, the arbitrator violated his own duties under the contract and sought to ". . . dispense his own brand of industrial justice." Steelworkers trilogy, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403.
 
 
 15
 The arbitrator's decision, if allowed to stand, will tend to promote disharmony and strife, even in the face of plain language contracts. The parties bargained for a judicious and not a legislative arbitration.
 
 
 16
 I would reverse with directions to vacate the arbitrator's decision and deny enforcement.
 
 
 
 *
 Senior Circuit Judge for the Second Circuit