In the Matter of the arbitration between OCEANIA SHIPPING CORP., owners of the LIBERIAN MOTOR VESSEL ALEXIS, Petitioner,

and

THOS. P. GONZALEZ CORPORATION, Respondent.

No. 77 Civ. 1301.

United States District Court,
S. D. New York.

Oct. 25, 1977.

Poles, Tublin, Patestides & Stratakis, New York City, for petitioner.

Deutsch, Kerrigan & Stiles, New Orleans, La., for respondent.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This case arises on a petition by Oceania Shipping Corporation ("Oceania") to con-firm an arbitration award. Respondent Thomas P. Gonzalez Corporation ("Gonza-lez") has submitted cross-motions to vacate or modify the award. For the reasons here-inafter stated, I confirm the arbitration award and enter judgment for Oceania in the amount of $25,398.75 plus interest at the rate of 8% from March 8, 1977, the date of the arbitration award.

Oceania and Gonzalez entered into a charter party agreement on March 21, 1974. In the course of performance of the agree-ment, several disputes arose between the parties. Pursuant to an arbitration agree-ment provided in the charter, the parties submitted their disputes to an arbitration panel in June, 1976 for determination and award. On March 8, 1977, after an eviden-tiary hearing at which both parties were represented by counsel, the panel issued a unanimous decision, awarding Oceania the sum of $25,398.75. However, Gonzalez has not yet tendered payment of said award to Oceania.

On April 1, 1977, Oceania petitioned this court for an order confirming the arbitra-tion award and entering judgment in its favor for the amount awarded by the panel, plus interest. Gonzalez cross-moved for va-cation or modification of the award pursu-ant to 9 U.S.C. §§ 10 and 11.

### A. Jurisdiction

■ Oceania submits its petition to this court pursuant to 9 U.S.C. § 9 (1970).[1] Un-

---

1. Award of arbitrators; confirmation; jurisdic-tion; procedure

   If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbi-tration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirm-ing the award, and thereupon the court must grant such an order unless the award is va-cated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such ser-vice shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonres-ident, then the notice of the application shall

der 9 U.S.C. § 9, jurisdiction lies with the United States court in the district in which the arbitration award was made "if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award . . ." The charter provided for arbitration in New York and the award in March, 1977 was issued by a panel located at 636 Fifth Avenue, within the Southern District of New York.[2] Additionally, the parties have agreed to court entry of judgment upon the award.[3] Therefore, this court has jurisdiction.

### B. *Standards of Review*

Pursuant to 9 U.S.C. § 9, an arbitration award properly before the court must be confirmed "unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title." The scope of review by the court under sections 10 and 11 is strictly limited.

■ "A federal court may vacate the award of an arbitrator only on the grounds specified in 9 U.S.C. § 10 (1970)."[4] *Bell*

*Aerospace Co. Div. of Textron v. Local 516, Int. U., Etc.,* 500 F.2d 921, 923 (2d Cir. 1974). *See also, I/S Stavborg v. National Metal Converters, Inc.,* 500 F.2d 424, 429–30 (2d Cir. 1974). The motion to vacate the award before me does not set forth any grounds which even appear to come within Section 10 of Title 9. Therefore, Gonzalez' cross-motion to vacate the award is denied.

■ A motion to modify an award is limited to the grounds set forth in 9 U.S.C. § 11.[5] *Hellman v. Program Printing, Inc.,* 400 F.Supp. 915 (S.D.N.Y.1975). The only colorable claims by Gonzalez under § 11 relate to § 11(a): "Where there was an evident material miscalculation of figures . . . ." Although Gonzalez does not refer the court to this section, it does raise as an objection to the award the claim that the damages should be reduced from approximately $19,000 to approximately $17,281.26 on the ground that some of the time for which they have been billed was attributable to the delay of the owner of the vessel. The panel, however, considered this conten-

---

be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

**2.** *Decision—Award of Arbitrators*
Exhibit A to Petition to Confirm Arbitration Award filed March 12, 1977 ("Exhibit A"); *See also* letter of March 22, 1977 from Leffler & Malmries, Inc., 636 Fifth Avenue, New York, New York by Klaus C. J. Mordhorst, to Mr. Ralph E. Smith, Esq., Deutsch, Kerrigan & Stiles, One Shell Square, New Orleans, La. ("Letter of March 22, 1977").

**3.** Exhibit A.

**4.** Same; [Award of Arbitrators] vacation; grounds; rehearing
In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
(a) Where the award was procured by corruption, fraud, or undue means.
(b) Where there was evident partiality or corruption in the arbitrators, or either of them.
(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

**5.** Same; [Award of Arbitrators] modification or correction; grounds; order
In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

tion and held that it was the charterer's burden to establish that delay was attributable to a deficiency of the vessel's cargo handling equipment. Since the charterer did not meet its burden, the panel would not speculate as to the cause of the delay. Under these facts, there was no "evident material miscalculation of figures."

 Additionally, Gonzalez contends that the court should modify the award of 8% interest, reducing it to 6%. The arbitration panel has stated that it imposed the 8% interest figure "guided by applying commercial considerations . . .".[6] Thus the 8% figure is not a miscalculation, but a reasoned determination outside the ambit of Section 11(a).

Finally, Gonzalez objects to the apportionment of arbitration fees by the panel. Gonzalez was ordered to bear 75% of the costs and Oceania 25%. The panel has noted, however, that the setting of fees of the arbitration panel is in the discretion of the panel unless otherwise stipulated between the parties.[7] Again, there was no miscalculation here, but a decision by the arbitration panel, not subject to modification under 9 U.S.C. § 11(a).

The only remaining ground for modification or correction stems from the saving provision in 9 U.S.C. § 11, permitting the court to modify and correct the award "so as to effect the intent thereof and promote justice between the parties." The intent of the award is clearly reflected in its provisions and modification on that ground is not necessary. While Gonzalez, in effect, contends that the 8% interest award and the unequal apportionment of arbitration fees does not promote justice, such a conclusion is not evident on the record and the decision of the arbitration panel is not subject to de novo review. *Union Emp. Division of Printing Industry of Washington, D. C., Inc. v. Columbia Typographical Union No. 101,* 353 F.Supp. 1348 (D.D.C.1973), *aff'd,* 160 U.S.App.D.C. 403, 492 F.2d 669 (1974).

6. Letter of March 22, 1977.

In conclusion, I find that there is no ground under 9 U.S.C. § 10 or § 11 to either vacate or modify the arbitration award. Therefore, it is

ORDERED, that the arbitration award is hereby confirmed; and it is

FURTHER ORDERED, that judgment be entered in favor of Oceania in the amount of $25,398.75, plus interest at the rate of 8% from March 8, 1977, the date of the arbitration award.