INTERNATIONAL SOUND TECHNICIANS LOCAL 695, IATSE, Plaintiff,

v.

GJL PRODUCTIONS, a corporation, and Does I through V, inclusive, Defendants.

No. 79–1172–AAH(SX).

United States District Court, C. D. California.

June 21, 1979.

Finkel & Herring by David B. Finkel, Los Angeles, Cal., for plaintiff.

Mitchell, Silberberg & Knupp by Steven M. Schneider, Los Angeles, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

Defendant GJL Productions, a corporation (hereinafter referred to as "GJL"), having moved to dismiss the Petition To Vacate An Arbitrator's Award of Plaintiff International Sound Technicians Local 695, IATSE (hereinafter referred to as "Local 695") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and said motion having been argued by counsel for Local 695 and counsel for GJL, and the matter having been submitted for decision, the Court being fully advised in the premises now makes findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1. Local 695 is a labor organization representing employees in an industry affecting commerce as defined in Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. Section 185(a).

2. GJL is an employer within the meaning of Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. Section 185(a). At all times relevant herein, GJL was engaged in the production of theatrical and television motion pictures for sale and distribution in interstate commerce.

3. Local 695 originally filed a Petition to Vacate an Arbitrator's Award in the Los Angeles County Superior Court, Case No. C276789. GJL properly removed that civil action to this Court.

4. At all times relevant herein, Local 695 and its parent organization, the International Association of Theatrical Stage Employees and Moving Picture Machine Operators, on the one hand, and GJL and other employers, on the other hand, were and are parties to a collective bargaining agreement. The arbitration award which

Local 695 seeks to vacate herein was issued pursuant to the arbitration provisions of said collective bargaining agreement, which provisions are set forth in Local 695's said Petition.

5. Said collective bargaining agreement provides for dual arbitration proceedings: "regular" arbitration proceedings, and "expedited" arbitration proceedings. "Expedited" arbitration proceedings are restricted by contractual provisions to claims involving less than $2,000.00 and are expressly non-precedential. The "regular" arbitration proceedings have no contractual restrictions regarding the amount at issue or limiting their precedential effect.

6. The arbitration proceeding at issue herein was brought under the "expedited" arbitration procedure before Arbitrator Leo Weiss. Arbitrator Weiss in his arbitration award construed the collective bargaining agreement to find that Local 695's grievance against GJL should not be brought as an "expedited" arbitration due to the existence of a pending "regular" arbitration proceeding between Local 695 and another employer on the same issue; namely, the contractually required size of the sound crew. As Arbitrator Weiss's Declaration on file herein indicates, such a "regular" arbitration proceeding was and is pending before Arbitrator Howard Block involving Charles Fries Productions. Arbitrator Weiss has indicated in his Declaration that the decision in that "regular" arbitration proceeding before Arbitrator Block will have an industry-wide impact.

7. As Arbitrator Weiss explained in his Declaration, at the "expedited" arbitration hearing before him involving Local 695's grievance against GJL, he received nine exhibits, including a copy of the collective bargaining agreement. The Union's representative also received copies of those exhibits at the arbitration hearing. Those exhibits included grievance documents regarding the pending Charles Fries Productions matter with Local 695, as well as the grievance documents pertaining to Local 695's grievance with GJL. As Arbitrator Weiss indicated in his Declaration, the arbi-

tration matter regarding GJL was argued extensively before him prior to his award.

8. Arbitrator Weiss's Declaration indicates that based upon the exhibits he received at said arbitration hearing, the lengthy arguments of the parties' representatives, and his own reading and interpretation of the collective bargaining agreement's dual arbitration provisions, he concluded that Local 695's grievance was improperly raised in the "expedited" arbitration proceeding. Arbitrator Weiss's Declaration explains that in his opinion, the "expedited" arbitration provisions were intended to be an adjunct or addition to the "regular" arbitration provisions. His Declaration indicates his view that the primary focus of the "expedited" arbitration provisions was to facilitate the speedy resolution of individual employee grievances concerning pay or fringe benefits not exceeding $2,000.00. Arbitrator Weiss's Declaration expresses his opinion that the "expedited" arbitration provisions were not intended to conflict with the "regular" arbitration provisions or to interfere with pending "regular" arbitration proceedings.

9. Arbitrator Weiss accordingly issued an arbitration award stating that Local 695 should not be proceeding in the "expedited" arbitration procedure against GJL. Arbitrator Weiss in effect determined that it would be inconsistent with the limited concept of "expedited" arbitration adopted by the agreement to permit an "expedited" arbitration proceeding when its outcome could conflict or interfere with a "regular" arbitration proceeding. Arbitrator Weiss accordingly did not address GJL's other contentions concerning the amount at issue and Local 695's alleged untimeliness in processing the grievance to arbitration as it was unnecessary for him to do so. Arbitrator Weiss's arbitration award was expressly without prejudice to Local 695 bringing its grievance against GJL to a "regular" arbitration proceeding.

10. The court finds as a fact that the arbitration award of Arbitrator Leo Weiss rationally, reasonably and plausibly interprets the collective bargaining agreement's

provisions, and that the award draws its essence from the collective bargaining agreement.

11. There is no genuine issue as to any material fact in this action.

12. Any of the above findings of fact which should be considered conclusions of law herein shall be so considered.

## CONCLUSIONS OF LAW

1. Local 695's Superior Court action was properly removed to this Court by GJL, as this Court has original jurisdiction of Local 695's civil action under Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. Section 185(a). *Kallen v. District 1199, National Union of Hospital and Health Care Employees*, 574 F.2d 723, 724–25 (2d Cir. 1978); *Local 13, I.L.W.U. v. Pacific Maritime Association*, 441 F.2d 1061, 1062 n. 3 (9th Cir. 1971), *cert. denied*, 404 U.S. 1016, 92 S.Ct. 677, 30 L.Ed.2d 664 (1972).

2. Federal substantive law fashioned under Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. Section 185(a), governs this civil action. *Textile Workers Union of America v. Lincoln Mills of Alabama*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

3. Under this federal substantive law, the arbitrator's award at issue herein must be given every intendment of validity. *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 566, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 596, 597–598, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

4. Arbitrator Weiss's award, as explained in his Declaration, dealt with a *procedural* aspect of the collective bargaining agreement's dual arbitration provisions; namely, in what type of contractual arbitration proceeding should Local 695 have brought its grievance for decision. The arbitration award merely concluded that Local 695 was proceeding in the wrong kind of contractual arbitration procedure ("expedited" arbitration). The award thus denied Local 695's grievance *without* prejudice to Local 695 raising that grievance in the correct kind of contractual arbitration procedure ("regular" arbitration). The award did not address the merits of Local 695's grievance nor address GJL's other defenses thereto (the dollar amount of Local 695's claim and alleged untimeliness in processing the grievance to arbitration).

■ Such decisions of an arbitrator which deal only with the procedural arbitrability of a grievance and which are grounded on the arbitrator's interpretation of the facts and the collective bargaining agreement provisions are not to be disturbed by this Court. *John Wiley & Sons Inc. v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964) (". . . 'procedural' questions . . . should be left to the arbitrator."); *Brannon v. Warn Bros., Inc.*, 508 F.2d 115, 119–120 (9th Cir. 1974); *Hotel & Restaurant Employees, Etc. v. Mitchelson's Food Services, Inc.*, 545 F.2d 1248, 1252 (9th Cir. 1976); *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

On this ground alone, Local 695's said Petition should be dismissed.

5. Under the federal substantive law fashioned from Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. Section 185(a), a labor arbitration award must be confirmed if "it draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

The arbitration award herein at issue clearly draws its essence from the collective bargaining agreement's provisions. The award rationally interprets the agreement's dual arbitration provisions, giving meaning to both the "expedited" and to the "regular" arbitration procedures in a reasonable manner. *Holly Sugar Corp. v. Distillery, Etc. Union*, 412 F.2d 899, 903 (9th Cir. 1969); and *Aloha Motors, Inc. v. I.L.W.U. Local # 142*, 530 F.2d 848, 849 (9th Cir. 1976).

*See also San Francisco Oakland Newspaper Guild v. Tribune Publishing Co.*, 407 F.2d 1327 (9th Cir. 1969); *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3rd Cir. 1969); and *Anaconda Co. v. Great Falls Mill & Smeltermen's Union*, 402 F.2d 749 (9th Cir. 1968).

■ 6. Under the federal substantive law, it is the arbitrator's prerogative to fashion an appropriate remedy to resolve the dispute before him. Here, the arbitrator merely decided that Local 695 had to proceed in the other type of contractual arbitration proceeding ("regular" arbitration). That decision was without prejudice to Local 695's grievance. Indeed, the arbitrator did not even address the merits of Local 695's grievance in making this procedural decision. Such a remedy, remitting Local 695 to the contract's "regular" arbitration proceedings without prejudice to its grievance, is surely a rational, reasonable and plausible remedy. Accordingly, the arbitration award cannot be vacated and Local 695's said Petition must be dismissed. *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578–579, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Timken Co. v. United Steelworkers*, 492 F.2d 1178 (6th Cir. 1974); *Lynchberg Foundry Co. v. United Steelworkers*, 404 F.2d 259 (4th Cir. 1968).

7. GJL is entitled to a judgment in its favor as a matter of law.

8. Any of the above conclusions of law which should be considered findings of fact shall be so considered.

9. Summary judgment accordingly will be granted in favor of GJL on Local 695's Petition To Vacate An Arbitrator's Award.