**ACME MARKETS, INC.**
and
**Highway Truck Drivers and Helpers Local No. 107**

v.

**LOCAL 169, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA**

v.

**TOP TRANSPORT & TERMINAL CORP.**

**Civ. A. No. 42581.**

United States District Court
E. D. Pennsylvania.

Nov. 17, 1967.

M. Kalman Gitomer and Richard A. Semeraro, of Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for Acme.

Marshall J. Seidman, of Seidman & Rome, Philadelphia, Pa., for Local 107.

Bernard N. Katz and Michael F. Walsh, of Meranze, Katz, Spear & Bielitsky, Philadelphia, Pa., for Local 169.

John C. Peet, Jr., and Robert J. Bray, Jr., of Ringe & Tate, Philadelphia, Pa., for Top.

## OPINION AND ORDER

BODY, District Judge.

The issue before the Court concerns the arbitrability of a dispute under the terms of a collective bargaining agreement between plaintiff Acme Markets, Inc. and defendant Local No. 169, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. Both parties have moved for summary judgment.

On August 10, 1965, Acme and Local 169 entered into a collective bargaining agreement made operative until 1968. Section 34 of the agreement specified that "all disputes * * * concerning the interpretation or application of the terms" of the agreement should be resolved by the American Arbitration Association (hereinafter "AAA"). Section 34(3) (e) provided that "nothing contained in this Agreement shall * * * permit to be brought before arbitration any grievance or dispute arising outside the terms and conditions of this Agreement." The contractual provisions necessitate inquiry into the source of the present dispute; we must determine whether it arises *outside* the terms of the bargaining agreement.

When the agreement was negotiated, Acme was completing construction of a warehouse known as its General Distribution Center (hereinafter "GDC"). Section 4(c) of the agreement provided that "in the event Acme's General Distribution Center is opened, it will be covered by the recognition clause of this Agreement." Thus Local 169 would be recognized as the exclusive bargaining agent for the warehouse employees.

In December, 1966, Acme decided not to operate the GDC warehouse itself, but rather to lease the warehouse to Top Transport and Terminal Corporation (hereinafter "Top"). Top now operates the warehouse under lease from Acme and recognizes Highway Truck Drivers and Helpers Local No. 107 as the sole and exclusive bargaining agency for its warehouse employees.

In March, 1967, Local 169 wrote to the AAA contending that it had an arbitrable claim against Acme and Top. Essentially, the union argued that by leasing the GDC to Top, Acme had effectively "opened" the warehouse without recognizing Local 169 as the exclusive bargaining agent; and that therefore Acme had violated Section 4(c) of the collective bargaining agreement.

In April, 1967, Acme sought declaratory and injunctive relief in the Pennsylvania state courts on the grounds that the dispute was not arbitrable. Defendant Local 169 successfully removed the action to this Court,[1] where Acme moved for a preliminary injunction staying all arbitration proceedings before the AAA until this Court ruled on the arbitrability of the dispute. Defendant Local 169 filed a counterclaim and now seeks to compel Acme to arbitrate. Additionally, the union requests a preliminary injunction restraining Acme from further dealings with Top until arbitration is completed; and also seeks an order directing Acme to pay all the costs of the instant proceedings.

A hearing and a supplementary hearing were held before this Court on May 18, 1967, and on September 18, 1967.

Acme's right to the relief which it seeks rests essentially on two independent propositions: (1) that the dispute does not concern the interpretation or application of the terms of the contract, and

---

1. It should be noted that the propriety of the removal from the state to the federal court was challenged by Local 107, which had been joined by Acme as an involuntary plaintiff under F.R.Civ.P. 19 after the removal to this Court. The motion to remand was denied by this Court on August 11, 1967.

therefore is not arbitrable; and (2) that the dispute is not arbitrable because it involves issues within the exclusive, pre-emptive jurisdiction of the National Labor Relations Board (hereinafter "NLRB").

To determine the merit of the plaintiff's first proposition, we must examine the nature of Local 169's claim against Acme. It is clear that, in Section 34 of the bargaining agreement, the parties have agreed to submit all questions of contractual interpretation to the arbitrator. Thus our judicial function is limited to ascertaining whether Local 169's claim is on its face governed by the bargaining agreement. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 567–568, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

Acme claims that Section 4(c) expressly excludes the GDC from the operation of the bargaining agreement unless and until the GDC is "opened"; that the "opening" of the GDC thus becomes a factual condition precedent to the coverage of the agreement; and that this Court should determine whether that condition precedent has been performed.

■ We do not agree. The meaning of the term "opened" as used in Section 4(c) is obviously the very heart of this dispute. The term is one of the terms used in the collective bargaining agreement. Its intended meaning is not patently clear; whether it applies to a leasing arrangement such as Acme now has with Top is not immediately discernible. Acme and Local 169 have agreed to submit all disputes over the interpretation and meaning of contractual terms to arbitration. The agreement does not exclude the term "opened" as used in Section 4(c). Therefore we conclude that the dispute is within the scope of the grievance and arbitration provisions of Section 34. United Steelworkers of America v. American Mfg. Co., supra; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). We find apposite the Supreme Court's warning that

"[T]he court should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator."

United Steelworkers of America v. Warrior & Gulf Navigation Co., supra, at 585, 80 S.Ct. at 1354.

■ Acme's second proposed argument rests on the proposition that the issues which Local 169 seeks to arbitrate lie in the exclusive jurisdiction of the NLRB, and therefore are not arbitrable. Arguably the dispute may involve unfair labor practices. However, the jurisdiction of this Court and the jurisdiction of the arbitrator are concurrent with the possible jurisdiction of the NLRB. We do not find that this case presents compelling reasons to hold the NLRB jurisdiction pre-emptive. See Carey v. Westinghouse Elec. Corp., 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964); Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Arbitration on the issues presented here retains a potentially prophylactic, therapeutic value.

### ORDER

And now, this seventeenth day of October, 1967, it is ordered that plaintiff Acme Markets, Inc.'s motion for a preliminary injunction restraining Local 169, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, from proceeding with arbitration until the arbitrability of the dispute should be decided by this Court is hereby denied because the Court has now determined the dispute to be arbitrable.

It is further ordered that defendant Local 169, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America's motion to compel Acme Markets, Inc. to proceed with arbitration in accord with Section 34 of the collective bargaining agreement is hereby granted.

It is further ordered that defendant Local 169, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America's motion for a preliminary injunction to restrain Acme Markets, Inc. from further dealings with Top Transport and Terminal Corporation until arbitration is completed is hereby denied because the defendant has failed to establish irreparable harm.

It is further ordered that defendant Local 169, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America's motion to compel Acme Markets, Inc. to pay the costs of this action is hereby denied. Each party shall pay its own costs.