CARPENTERS DISTRICT COUNCIL OF DENVER AND VICINITY, on behalf of its affiliated local unions of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Plaintiff-Appellee,

v.

BRADY CORPORATION, a Colorado Corporation, Defendant-Appellant.

No 74-1705.

United States Court of Appeals, Tenth Circuit.

March 27, 1975.

John W. McKendree, Denver, Colo., for appellee.

Robert G. Good and Kenneth R. Stettner, Denver, Colo., for appellant.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Brady Corporation (Brady) appeals from the judgment entered in favor of Carpenters District Council of Denver and Vicinity (Union), involving issuance of a mandatory injunction ordering arbitration.

Brady is a general contractor engaged in the construction industry. During the instant dispute, both parties were signatory to a collective bargaining agreement for the period from May 1, 1972, through April 30, 1975. Article XXIII(A) of the agreement provides, inter alia:

(A) CONTRACTUAL DISPUTES

Section 1. In the event that a dispute, *other than a jurisdictional dispute,* arises involving the application or interpretation of the terms of this Agreement, the parties agree that the same shall be determined and settled in the manner and by the procedures [i. e., the contractual grievance and arbitration provisions of the agreement] hereinafter set forth. (Emphasis added).

Further, in establishing the work jurisdiction of Union, Article V(B) of the same agreement provides, inter alia:

It is agreed that the work covered by this agreement shall and does include the use of any instruments or tools on *layout work* and the shooting of all grades and elevations incidental to the trade; except to the extent that any of the work enumerated is *claimed by another labor organization or another trade, craft or class.* (Emphasis added).

On January 8, 1973, William Mayres, a Brady "staff engineer" [admittedly a "class" for purposes of Article V(B)], performed "layout" work of the type enumerated in Article V(B). The parties stipulated that Mayres was not a member of a labor organization covered by the collective bargaining agreement; that he had been assigned the layout work as a matter of Brady company policy; and that he had neither requested nor objected to the assigned layout work.

On January 15, 1973, Union grieved the performance of layout work by Mayres [apparently contending that the Staff Engineer had not "claimed" this work as required under Article V(B)], and requested the dispute be processed pursuant to the grievance and arbitration provisions of Article XXIII(A) of the agreement. Brady refused to process the dispute, asserting that it was a "jurisdictional dispute" specifically excluded from binding dispute procedures by Section 1 of Article XXIII(A), *supra.*

Union subsequently filed the instant suit under § 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, seeking a declaratory judgment that the dispute was subject to the grievance and arbitration provisions of Article XXIII(A) and a mandatory injunction requiring Brady to process such dispute before a Board of

Adjustment and, if necessary, before an arbitrator.

In its memorandum opinion, the Trial Court found that the central issue raised by the dispute was whether, under Article V(B) of the contract, the staff engineer had made a "claim" to the layout work. Further, relying upon United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), wherein the Supreme Court held that doubts as to coverage of an arbitration clause must be resolved in favor of coverage, the Trial Court held that the question of whether the staff engineer had, under the circumstances presented, made such a "claim" was not clearly excluded from the arbitration clause; that it was essentially a question of fact and of contract interpretation; and that it was "peculiarly susceptible to arbitration." The Trial Court concluded that there existed no "jurisdictional dispute" (as contended by Brady), in light of the stipulation of the parties that that term was to be given the same meaning given it under Section 8(b)(4)(D) and 10(K) of the Labor Management Relations Act. Under that meaning, the Trial Court found a "jurisdictional dispute" exists only when there is present "coercion or threat of coercion", absent here, on the part of the competing claimants to the work, resulting in the employer being placed in the middle ground between two warring groups of employees.

Brady's primary contention on appeal is that the Court erred in ordering the parties to arbitrate whether a "claim" under Article V(B) of the agreement had been made since this constitutes a question of law which the Court, and not an arbitrator, must decide in order to fulfill its duty of determining whether the dispute is, in fact, a "jurisdictional dispute" and hence "substantively arbitrable."

## I.

■ We have no disagreement with Brady's contention that as a general rule courts, rather than arbitrators, determine issues of "substantive arbitrabil-ity." Johnson Builders, Inc. v. United Brotherhood of Carpenters and Joiners, Local Union No. 1095, AFL–CIO, 422 F.2d 137 (10th Cir. 1970); International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) v. Folding Carrier Corporation, 422 F.2d 47 (10th Cir. 1970). We do not believe that in this case the Trial Court renounced that duty.

Brady argues, in effect, that a determination of what constitutes a "claim" under Article V(B) of the agreement is a question inextricably tied to (and/or is a determination which is a necessary condition precedent to) a determination of whether a "substantively arbitrable" dispute has been presented [i. e., whether the dispute is "jurisdictional" and therefore not covered by the arbitration mechanism of Article XXIII(A)]. Hence, it is contended, it is a determination which the trial court, and not an arbitrator, must make. We disagree.

■ We hold applicable the rule that where an exclusion-from-arbitration clause is vague, and the arbitration clause is broad, only the most forceful evidence of a purpose to exclude the claim from arbitration will deter a court from directing the dispute to arbitration. United Steelworkers of America v. Warrior & Gulf Navigation Co., *supra*; Brotherhood of Locomotive Firemen and Enginemen, Lodge 844 v. Kennecott Copper Corporation (Utah Copper Division), 338 F.2d 224 (10th Cir. 1964); International Union, United Automobile, Aircraft, and Agricultural Implement Workers of America, AFL–CIO v. Cardwell Manufacturing Company, 304 F.2d 801 (10th Cir. 1962). As noted by the Trial Court, the meaning of the term "claimed" under Article V(B) is at the very heart of the present dispute. That term is not patently clear and the exclusion clause of Article XXIII(A) does not *specifically* exclude from arbitration the meaning this term is to be given *under Article V(B)*. *See,* Acme Markets, Inc. v. Local 169, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 275

F.Supp. 638 (E.D.Penn.1967). Furthermore, Brady has not presented cogent evidence of a "purpose to exclude" an interpretation of this term from arbitration.

We agree with the reasoning of the Trial Court that while the "jurisdiction" of the union and staff engineers may, as a practical matter, be incidentally affected by a determination of an arbitrator of the meaning of the term "claimed" under Article V(B), the "subject" of the instant dispute is not whether a "jurisdictional dispute" exists under Article XXIII(A) (which would require resolution by the court), but rather the contract interpretation of a term for purposes of the application of Article V(B) itself [i. e., this is an Article V(B) dispute and not one *exclusively covered* by the exclusion clause of Article XXIII(A)]. *Compare,* International Association of Machinists and Aerospace Workers, AFL–CIO v. General Electric Company, 406 F.2d 1046 (2nd Cir. 1969); Desert Coca Cola Bottling Company v. General Sales Drivers, Delivery Drivers and Helpers Local 14, 335 F.2d 198 (9th Cir. 1964); Sidney Wanzer & Sons, Inc. v. Milk Drivers Union, Local 753, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, 249 F.Supp. 664 (N.D.Ill.1966).

■ The Trial Court correctly found that it could not be said "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." We hold that the dispute as to the interpretation to be given the term "claimed" under Article V(B) is within the scope of the grievance and arbitration provisions of Article XXIII(A) of the agreement.

## II.

Having held that the Trial Court properly ordered the parties to arbitration, we need not reach Brady's additional contention that the Trial Court's alternative or supplemental basis in support of its judgment was unwarranted, i. e., the Court's interpretation of "jurisdictional dispute" under Article XXIII(A).

■ The Trial Court fulfilled the "narrow function" allotted it under United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), when it determined that the interpretation of the term "claimed" under Article V(B) was a dispute arbitrable under Article XXIII(A) and that such arbitration was not necessarily precluded by the exclusion clause of Article XXIII(A). It was not necessary for the Court to venture further in determining whether a "jurisdictional dispute" would have been presented if it be assumed that there, in fact, existed conflicting claims to the work under the circumstances of this case. This surplusage, even if predicated on an incorrect analysis, cannot prove fatal to the instant decision. If a Trial Court's decision is correct upon any theory we must uphold that decision. Pound v. Insurance Company of North America, 439 F.2d 1059 (10th Cir. 1971); Potter v. LaMunyon, 389 F.2d 874 (10th Cir. 1968).

## III.

■ Those authorities cited by Brady for the proposition that it is generally accepted that actual performance of work constitutes a "claim" for such work are inapposite to the case at bar. Assuming, arguendo, that Brady is correct in this contention, still grievances do not lose their arbitrability simply because we think they can be correctly decided only one way. United Steelworkers of America v. American Manufacturing Co., *supra*; Local 1912, International Association of Machinists v. United States Potash Company, Division of United States Borax & Chemical Corporation, 270 F.2d 496 (10th Cir. 1959), cert. denied 363 U.S. 845, 80 S.Ct. 1609, 4 L.Ed.2d 1728 (1960).

We affirm.