600 F.2d 1263
 101 L.R.R.M. (BNA) 2838, 86 Lab.Cas. P 11,416
 FEDERATED EMPLOYERS OF NEVADA, INC., Home Lumber Company of
Nevada, Henderson Builders Supply, L & H Builders Supply
Company, Oneill Lumber Company, Van's Builders Supply, Inc.,
Ed Von Tobel Lumber Company and Toto Purchasing & Supply
Co., Petitioners-Appellants,
v.
TEAMSTERS LOCAL NO. 631, affiliated with the International
Brotherhood of Teamsters, Chauffeurs, Warehousemen
& Helpers of America, Respondents-Appellees.
 No. 77-2060.
 United States Court of Appeals,
Ninth Circuit.
 July 11, 1979.
 
 Brian L. Rexon, Stephen A. Mazurak (argued), Rexon & Mazurak, Los Angeles, Cal., for petitioners-appellants.
 Joseph J. Kaplon (argued), Los Angeles, Cal., for respondents-appellees.
 Appeal from Judgment of the United States District Court for the District of Nevada.
 Before CHOY and ANDERSON, Circuit Judges, and BARTELS,* District Judge.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 A single issue is presented by this appeal: Does the arbitrator's award draw its essence from the collective bargaining agreement? We hold it does not and reverse.
 
 
 2
 The collective bargaining agreement, which the parties agree is valid, provides for arbitration of annual wage increases if an accord is not reached in negotiations. The arbitrator's authority is narrow:
 
 
 3
 "The arbitrator shall be instructed by the parties that in issuing his findings he must select as his award either the last offer made by the Employers or the last offer made by the Union at the conclusion of negotiations as of the above anniversary dates with no modification or compromise in any fashion."
 
 
 4
 The Union's final offer was "67cents per hour wage package plus 7% Interest on increase effective October 31, 1975." October 31, 1975, was the date the prior wage package expired. The Employers' final offer was 53 cents and no interest.
 
 
 5
 The arbitrator awarded an increase of 67 cents without interest. The Employers petitioned the district court to vacate the award, and the Union cross-petitioned for enforcement. The district court denied the petition to vacate and granted the petition to enforce. Neither the arbitration award nor the district court's judgment explains the award.
 
 
 6
 On appeal the Employers contend that by deleting interest from the award, the arbitrator modified the Union's final offer in violation of the bargaining agreement. We agree.
 
 
 7
 The judicial role in enforcement of arbitration awards is limited. If the award draws its essence from the bargaining agreement, enforcement is granted. United Steelworkers of America v. Enterprise Wheel & Car Corp.,363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). To determine whether the standard has been satisfied, this court simply asks: Is the arbitrator's interpretation of the contract plausible? Aloha Motors, Inc. v. I. L. W. U. Local 142, 530 F.2d 848 (CA9 1976).
 
 
 8
 In awarding the Union's requested hourly wage increase while denying its request for interest, the arbitrator plainly violated the terms of the arbitration clause. The instructions to the arbitrator are unambiguous and mandatory. To ensure that the parties' intent is clearly understood, the clause explicitly directs the arbitrator to choose one proposal with "no modification or compromise in any fashion." Compare Holly Sugar Corp. v. Distillery, Rectifying, Wine & Allied Workers, 412 F.2d 899 (CA9 1969).
 
 
 9
 The Union has offered no plausible rationale for reconciling the modified award with the express restrictions on the arbitrator's power. The violation of an express and explicit restriction on the arbitrator's power cannot be a plausible interpretation. The language serves a specific purpose: to negate the inference that the arbitrator may compromise the wage proposals and thereby resolve the wage dispute with his own brand of equity. The general arbitration clause in the same bargaining agreement does not include any special language limiting the arbitrator's authority. This contrast demonstrates that the arbitrator ignored the essence of the agreement in making the award.
 
 
 10
 The judgment is reversed and the case remanded with instructions to vacate the arbitrator's award.
 
 
 11
 The parties shall bear their own costs on this appeal.
 
 
 
 *
 The Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation