**PACIFIC MOTOR TRUCKING CO.,**
**Plaintiff-Cross-Defendant-Appellee,**

v.

**AUTOMOTIVE MACHINISTS UNION,**
**Defendant-Cross-Complainant-Appellant.**

**No. 82–4517.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 17, 1983.

Decided March 21, 1983.

David A. Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for defendant-cross-complainant-appellant.

Patrick Jordan, San Francisco, Cal., for plaintiff-cross-defendant-appellee.

Before WRIGHT, CANBY and BOO-CHEVER, Circuit Judges.

PER CURIAM:

We affirm the court's order vacating the arbitration award.

We enforce an arbitration award if it represents a "plausible interpretation of the contract in the context of the parties' conduct." *Holly Sugar Corp. v. Distillery, Rectifying, Wine & Allied Workers International Union*, 412 F.2d 899, 903 (9th Cir. 1969). An award that conflicts directly with the contract cannot be a "plausible interpretation." *Federated Employers of Nevada, Inc. v. Teamsters Local No. 631*, 600 F.2d 1263, 1265 (9th Cir.1979).

Article 7, Section 2(c) of the contract provided that the company could select Working Foremen without regard to seniority. The arbitrator acknowledged that this section gave the company discretion over the Working Foreman position. Nonetheless, he ruled that the company could not demote Turner from Working Foreman because to do so would be "unreasonable and unconscionable" in light of the "incredibly long" time Turner had held the job.

The arbitrator attempted to justify the award on the basis of past practice. He acknowledged, however, that there was no practice indicating that the employer lacked discretion over maintaining the Working Foreman position. The retention of an employee in a certain position for a long time does not, by itself, constitute a past practice for the purpose of construing the contract provisions.

The arbitrator disregarded a specific contract provision to correct what he perceived as an injustice. Although an arbitrator has great freedom in determining an award, he may not "dispense his own brand of industrial justice." *See United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Because the award conflicts directly with the contract, the court properly vacated the award.

AFFIRMED.