**FREDERICK MEISWINKEL, INC.,**
Petitioner-Appellee,

v.

**LABORER'S UNION LOCAL 261, Laborers' International Union of North America, AFL–CIO; Northern California District Council of Laborers; and Bay Counties District Council of Carpenters & Joiners of America, AFL–CIO, Respondents-Appellants.**

No. 83–2424.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 1984.

Decided Oct. 9, 1984.

Morton H. Orenstein, Schachter, Kristoff, Ross, Sprague & Curiale, San Francisco, Cal., for petitioner-appellee.

Michael B. Roger, Victor J. Van Bourg, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for respondents-appellants.

Before ALARCON, and CANBY, Circuit Judges, and STEPHENS,* District Judge.

ALARCON, Circuit Judge:

Laborers' Union Local 261 and the Northern California District Council of Laborers appeal an order from the district court granting summary judgment to vacate an arbitration award.

We must decide whether the district court correctly held that the arbitration award must be vacated because it did not draw its essence from the collective bargaining agreement. Because we conclude that the district court decision was correct on this ground, it is unnecessary for us to decide whether the National Labor Relations Board's decision must be given preeminence under these circumstances.

I PERTINENT FACTS

Frederick Meiswinkel, Inc. (Meiswinkel), a construction contractor, was bound to two separate collective bargaining agreements. Under the Memorandum Agreement between Meiswinkel and appellant Northern California District Council of La-

borers, an umbrella organization which includes Laborers Union Local No. 261 (hereafter collectively "Laborers"), Meiswinkel agreed to give the Laborers "[a]ll Laborers' work necessary to tend the carpenters and other building trades craftsmen, ... all cleanup of debris, grounds, and buildings, ... and all General Laborers' work ..." Under the second contract, between the Northern California Drywall Contractors Association (NCDCA), to which Meiswinkel, as a subcontractor member, was bound, and the Bay Counties District Council of Carpenters, United Brotherhood of Carpenters & Joiners of America, AFL-CIO (hereafter collectively "Carpenters"), the Carpenters were entitled to perform "scrapping" or cleanup work.

In September of 1981, Meiswinkel assigned certain cleanup work to the Carpenters. The Laborers, claiming the work was rightfully theirs, picketed the job site in an effort to force Meiswinkel to assign the work to members of their union. When Meiswinkel refused, the Laborers filed a grievance on or about October 2, 1981, alleging that Meiswinkel's failure to employ Laborers for the cleanup work violated their collective bargaining agreement.

On October 28, 1981, Meiswinkel, through the NCDCA, sought a resolution of the jurisdictional dispute from the National Labor Relations Board (NLRB). The NLRB has authority under section 10(k) of the National Labor Relations Act, 29 U.S.C. § 160(k), to make a binding determination on disputes between competing unions, where a union has engaged in threats or coercion to force the employer to assign the disputed work to its members.

On November 5, 1981, arbitrator Koven heard the Laborers' grievance. Only Meiswinkel and Laborers were represented before Koven; the Carpenters were not a party to the hearing. Meiswinkel objected to the arbitrator's authority under section 9 of the Laborers' collective bargaining

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

agreement, which states that the grievance and arbitration mechanism is invoked for "[a]ny dispute concerning the interpretation or application of this Agreement, *other than a jurisdictional dispute* ..." (emphasis added). Meiswinkel also informed the arbitrator that unfair labor practice charges had been filed with the NLRB against the Laborers in order to resolve the jurisdictional dispute.

On November 17, 1981, the Board gave notice of hearings, and the dispute was heard before the Board on February 2 and 16 and March 10 and 11, 1982. All parties were represented at the Board hearing: the Laborers, the Carpenters, and Meiswinkel.

The arbitration award was issued on July 16, 1982, upholding the Laborers' claim that they were entitled to Meiswinkel's cleanup work. Although Meiswinkel specifically requested that the arbitrator address the jurisdictional dispute issue, the arbitrator failed to do so. The substance of his award stated: "since the Employer (Meiswinkel) is bound to the Laborers Memorandum Agreement, the work in issue, i.e., 'cleanup of debris,' falls within the jurisdiction of the Memorandum Agreement. The claim of the union is therefore sustained." Meiswinkel moved for reconsideration again challenging authority of the arbitrator to act because the grievance arose from a jurisdictional dispute. The arbitrator did not act on this motion.

On December 7, 1982, the Board issued its section 10(k) determination that scrapping and cleanup work should be assigned to the Carpenters. Based upon this determination, Meiswinkel filed a Petition to Vacate Arbitration Award against the Laborers in district court, and moved for summary judgment. The Laborers brought a cross-motion for summary judgment to confirm the arbitration award.

The district court granted Meiswinkel's motion for summary judgment on the grounds that "(a) the award exceeded the arbitrator's jurisdiction under the contract and (b) the award conflicts with a preemi-

nent decision of the National Labor Relations Board."

## II  STANDARD OF REVIEW

■ Our review of a district court's grant of summary judgment is de novo. *Nevada v. United States*, 731 F.2d 633, 635 (9th Cir.1984).

## III  ARBITRABILITY

The Laborers contend that the district court erred when it vacated the arbitration award on the grounds that the arbitrator exceeded his jurisdiction under the contract. They argue that arbitrability is itself an arbitrable issue, and that the award "draws its essence" from the Memorandum Agreement.

■ "Federal policy generally favors arbitration of labor disputes." *Orange Belt District Council of Painters, No. 48 v. Maloney Specialties, Inc.*, 639 F.2d 487, 490 (9th Cir.1980). Courts should decline to review the merits of arbitration awards, rendering them unenforceable only when the award does not "[draw] its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

■ However, while a general presumption in favor of enforcing arbitration award exists, it is also clear that in the absence of a specific agreement to the contrary, "arbitrability is a matter for the courts to determine," *Sheet Metal Workers Local No. 252 v. Standard Sheet Metal*, 699 F.2d 481, 483 (9th Cir.1983); *see John Wiley & Sons v. Livingston*, 376 U.S. 543, 546–47, 84 S.Ct. 909, 912–13, 11 L.Ed.2d 898 (1964); *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 583 n. 7, 80 S.Ct. 1347, 1353 n. 7, 4 L.Ed.2d 1409 (1960); *Aluminum Company of America v. International Union, etc.*, 630 F.2d 1340, 1342 (9th Cir.1980); *Amalgamated Clothing and Textiles Workers Union v. Ratner Corporation*, 602 F.2d 1363, 1368 (9th Cir. 1979); *Leyva v. Certified Grocers of California*, 593 F.2d 857, 861 (9th Cir.), *cert. denied*, 444 U.S. 827, 100 S.Ct. 51, 62

L.Ed.2d 34 (1979); *see also Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583–84 (5th Cir.1980); *Carpenters District Council v. Brady Corp.*, 513 F.2d 1, 3 (10th Cir.1975).

In deciding arbitrability, "[t]he judicial inquiry ... must be strictly confined to the question whether the reluctant party did agree ... to give the arbitrator power to make the award he made," *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. at 582, 80 S.Ct. at 1353. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," *Id.* In this case, the parties did not agree to submit jurisdictional disputes to arbitration. The collective bargaining agreement specifically excluded jurisdictional disputes. Since the arbitrator decided an issue which was the subject of a jurisdictional dispute, i.e. whether the Laborers were entitled to perform cleanup work, the award is unenforceable. "[I]t is of course fundamental that an arbitrator may decide only those issues submitted to arbitration, and that courts will refuse to enforce an award when the arbitrator exceeds its power." *International Association of Machinists and Aerospace Workers v. Texas Steel Co.*, 639 F.2d 279, 283 (5th Cir.1981).

We recognize that under the collective bargaining agreement, the arbitrator had the authority to decide whether the dispute was in fact jurisdictional. This would have been an act of legitimate contract interpretation under section 9 of the agreement. *See Los Angeles Paper Bag Co. v. Printing Specialties and Paper Products Union*, 345 F.2d 757, 760–61 (9th Cir.1965) (arbitrator must first rule on jurisdiction, then courts may review that ruling). Because the arbitrator failed to rule on Meiswinkel's request that he determine that the dispute was jurisdictional, we do not know whether or how this issue was decided. We do not hold that the arbitrator had no right to decide his own jurisdic-

tion. We hold instead that his award was implausible and ignored clear contractual language denying him jurisdiction of this dispute. "We enforce an arbitration award if it represents a 'plausible interpretation of the contract in the context of the parties' conduct.' An award that conflicts directly with the contract cannot be a 'plausible interpretation.'" *Pacific Motor Trucking v. Automotive Machinists Union*, 702 F.2d 176, 177 (9th Cir.1983) (citations omitted). *See also Morgan Services, Inc. v. Local 323, Chicago and Central States Joint Board*, 724 F.2d 1217, 1221–22 (6th Cir. 1984); *Mediterranean Enterprises, Inc. v. Ssangyong*, 708 F.2d 1458, 1465 (9th Cir. 1983).

It is clear from the uncontroverted facts in the record that the dispute was jurisdictional. The Carpenters' and Laborers' Unions both felt that they were entitled to perform the cleanup work. The employer was caught between rival demands. The NLRB, deciding this same dispute, found it to be jurisdictional. *Bay Counties District Council of Carpenters*, 265 NLRB 646 (1982).

The contractual language forbade the arbitrator to decide this dispute. Since "[t]he arbitrator's authority is circumscribed by the arbitration agreement, and he can bind the parties only on those issues that they have agreed to submit to him," *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583 (5th Cir.1980), the district court did not err in its determination that the award is unenforceable.

## IV  CONCLUSION

Because the arbitrator's award did not draw its essence from the collective bargaining agreement, the judgment of the district court is AFFIRMED.