64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SOUTHERN CALIFORNIA GAS COMPANY, Petitioner-Appellant,
v.
UTILITY WORKERS UNION OF AMERICA, LOCAL 132, etc. Respondent-Appellee.
 No. 94-55343.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 9, 1995.*
Decided Aug. 14, 1995.
 
 1
 Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 The arbitrator's award represents a plausible interpretation of the collective bargaining agreement: (1) the arbitrator did not ignore the "plain meaning" of the term "Workers' Compensation Benefits," since the term is facially ambiguous as to whether attorney's fees are included, McKesson Corp. v. Local 150 IBT, 969 F.2d 831, 833 (9th Cir. 1992); (2) the arbitrator's holding that the term "clear[ly] and unambiguous[ly]" included both temporary and permanent benefits did not foreclose a holding that the term did not include attorney's fees; (3) any ambiguity resulting from the arbitrator's holding that "[a]ttorney's fees are not a benefit to the employee," on the one hand, and "[attorney's fees] are a deduction from the employee's benefit," on the other, does not render the interpretation implausible, United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960), and in any event the clarity of the arbitrator's award "resolves any apparent ambiguity" in the accompanying opinion, International Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, 707 F.2d 425, 429 (9th Cir. 1983); (4) the arbitrator's interpretation does not contravene California law since it makes appellant responsible for attorney's fees only where the California code is silent, cf. Cal. Labor Code Sec. 5710(b).
 
 
 4
 The arbitration board did not exceed its authority. It neither ignored the contract terms nor added new terms to the contract; it merely construed the existing contract language. Cf. Pacific Motor Trucking Co. v. Automotive Machinists Union, 702 F.2d 176, 177 (9th Cir. 1983).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3