NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT RADCLIFFE, CHESTER CARTER, MARIA FALCON, CLIFTON C. SEALE III, ARNOLD LOVELL, Jr., <br><br> Plaintiff-Appellants, <br><br> and <br><br> CHARLES JUNTIKKA AND ASSOCIATES LLP, Counsel for Plaintiffs, <br><br> Appellant, <br><br> and <br><br> JOSE HERNANDEZ, KATHRYN PIKE, LEWIS MANN, ROBERT RANDALL, BERTRAM ROBISON, <br><br> Plaintiff-Appellees, <br><br> and <br><br> CADDELL & CHAPMAN, Counsel for Plaintiffs; LIEFF, CABRASER, HEIMANN & BERNSTEIN LLP, Counsel for Plaintiffs; FRANCIS MAILMAN SOUMILAS, P.C., Counsel for Plaintiffs; NATIONAL CONSUMER LAW CENTER, Counsel for Plaintiffs; CONSUMER LITIGATION | No. 21-56284 <br><br> D.C. No. 8:05-cv-01070-DOC-MLG <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ASSOCIATES, P.C., Counsel for Plaintiffs;
CALLAHAN, THOMPSON, SHERMAN &
CAUDILL LLP, Counsel for Plaintiffs;
PUBLIC JUSTICE, P.C., Counsel for
Plaintiffs,

    Appellees,

 v.

EQUIFAX INFORMATION SERVICES,
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION LLC,

    Defendants.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 17, 2023[**]
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Counsel Charles Juntikka (Juntikka) appeals the district court's denial of his motion to vacate an arbitration award that allocated attorneys' fees among class counsel from a class action against three credit-reporting companies. Juntikka contends that the arbitrator exceeded her powers in violation of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, when she relied on equitable

---

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

considerations to fashion her final fee award instead of applying the terms of the class counsels' fee allocation agreements.

We review a district court's decision to confirm an arbitration award by "accepting findings of fact that are not clearly erroneous but deciding questions of law *de novo*." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1165–66 (9th Cir. 2019) (internal quotation marks and citation omitted). Exercising jurisdiction under 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291, we affirm.

The district court properly denied Juntikka's motion to vacate the arbitration award. "The [FAA] enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc). Arbitrators "exceed their powers" under § 10(a)(4) of the FAA "not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational' or exhibits a 'manifest disregard of the law.'" *Id.* at 997 (citations omitted). Thus, a court may vacate an arbitration decision pursuant to § 10(a)(4) only if the arbitrator "strays from interpretation and application of the agreement and effectively dispense[s] h[er] own brand of industrial justice." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (first alteration in original) (internal quotation marks and citation omitted).

3

Here, the arbitrator did not show manifest disregard of the law when she applied equitable considerations in arriving at the fee award. The arbitrator relied on our precedent in *In re FPI/Agretech Securities Litigation*, 105 F.3d 469 (9th Cir. 1997), and *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002), to conclude that a court may reject a fee allocation agreement if it "rewards an attorney in disproportion to the benefits that attorney conferred upon the class," *Agretech*, 105 F.3d at 473. The arbitrator provided copious evidence that Juntikka and his partner, Dan Wolf, failed to confer a net benefit on the class from their pre-objection efforts. Because the arbitrator relied on *Agretech* and *Vizcaino* in determining the ultimate award, she did not "dispense[] h[er] own brand of industrial justice," *Major League Baseball*, 532 U.S. at 509 (citation omitted), and therefore did not exceed her powers in violation of § 10(a)(4).

Juntikka argues that the arbitrator's reliance on *Agretech* is misplaced because it merely recognizes a district court's authority to override a fee arrangement, not that of an arbitrator. However, "[m]anifest disregard . . . requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022) (citation omitted). Even if the arbitrator incorrectly applied *Agretech*, "we may not reverse an arbitration award even in the face of an erroneous interpretation of the law." *Collins v. D.R. Horton,*

4

*Inc.*, 505 F.3d 874, 879 (9th Cir. 2007); *see also E. Associated Coal Corp. v. United Mine Workers of Am.*, 531 U.S. 57, 62 (2000) ("[T]he fact that a court is convinced [an arbitrator] committed serious error does not suffice to overturn [her] decision." (internal quotation marks and citation omitted)).

Juntikka maintains that, even if the arbitrator did not manifestly disregard the law, the arbitrator exceeded her powers because her decision "fail[ed] to draw its essence from the agreement." *Aspic*, 913 F.3d at 1166 (citation omitted). To be sure, we have vacated arbitration awards where the arbitrator blatantly disregards express terms of the parties' agreements. *See Aspic*, 913 F.3d at 1168; *Pac. Motor Trucking Co. v. Auto. Machinists Union*, 702 F.2d 176, 177 (9th Cir. 1983); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682–83 (2010). But in those cases, the arbitrator "underst[oo]d and correctly state[d] the law, but proceed[ed] to disregard the same." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (alterations in original) (citation omitted); *see Aspic*, 913 F.3d at 1167–68. Here, the arbitrator understood the relevant law as permitting her to override the contract and allocate fees in proportion to the benefit Juntikka and Wolf conferred upon the class. Accordingly, the district court properly denied the motion to vacate the fee award.

**AFFIRMED.**