**In the Matter of the arbitration between Alfred A. KRIETER, Petitioner-Appellee,**

**and**

**LUFTHANSA GERMAN AIRLINES, INC., Respondent-Appellant.**

**No. 77–1251.**

United States Court of Appeals, Ninth Circuit.

Aug. 10, 1977.

John R. Snodgrass, Jr., Anchorage, Alaska, of Graham & James, San Francisco, Cal., argued for respondent-appellant.

Anne Marie Falvey, of Johnson, Christenson, Shamberg & Glass, Anchorage, Alaska, argued for petitioner-appellee.

Before WRIGHT, CHOY and ANDERSON, Circuit Judges.

PER CURIAM:

## BACKGROUND

Krieter was employed by Lufthansa, a common carrier, under a contract of employment of persons engaged in foreign or interstate commerce. The parties were subject to the Railway Labor Act [45 U.S.C. § 151, *et seq.* (1970)].

Lufthansa discharged Krieter who claimed the discharge was not "for cause" and, therefore, impermissible under the contract between the airline and the union. Lufthansa and Krieter proceeded through preliminary grievance procedures provided in the contract. Krieter then requested that the dispute be submitted to arbitration pursuant to Article XV of the collective bargaining agreement which states in part:

> (a) In compliance with Section 204, Title 2 of the Railway Labor Act as amended, there is hereby established a System Board of Adjustment for the purpose of adjusting and deciding disputes or grievances which may arise under the terms of this Agreement, and which are properly submitted to it after exhausting the procedures for settling disputes. . . . However, by mutual agreement, any cases properly referrable to this Board may be submitted to arbitration in the first instance.

The parties agreed to submit the dispute to one arbitrator for settlement. His award was issued January 23, 1976, the district court affirmed it, and Lufthansa appeals.

## SUBJECT MATTER JURISDICTION

Lufthansa contends that, because the method of arbitration did not comply with the procedures set forth in the Railway Labor Act, 45 U.S.C. §§ 157–159 (1970), the award does not come under the statute, and therefore the district court did not have subject matter jurisdiction to direct enforcement. The administrative remedies provided in the Act, however, do not exclude collective bargaining agreements that provide adequate remedies for resolving disputes. Settlement of grievances through contractually agreed upon arbitration is preferred. *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 323, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Sullivan v. Pacific & Arctic Railway and Navigation Co.,* 439 F.2d 267 (9th Cir. 1971).

In this case Krieter's grievance had been processed through the procedures set up in the collective bargaining agreement. The final procedure there was either submission to a System Board of Adjustment *or* submission to arbitration. Krieter chose arbitration and Lufthansa agreed.

"In the first instance" is subject to the interpretation given by the district judge that arbitration was an alternative method of resolution of disputes. We agree with that interpretation. His finding that the conduct of the parties indicated an intent to make the arbitrator's decision binding is not clearly erroneous.

While it is true that Article XV of the collective bargaining agreement does not say that the findings of the arbitration are to be final and binding, arbitration would become a meaningless form of settlement if they were not.

Since Krieter has pursued the administrative remedies provided in the collective bargaining agreement and seeks only enforcement of the decision of an arbitrator agreed upon by both parties, the court has jurisdiction under 28 U.S.C. § 1337 to determine whether the contract provision for dispute resolution comply with the provisions of the Railway Labor Act, and whether the award

arrived at under the contract procedures should be enforced.

### AWARD NOT IMPEACHABLE

■ Lufthansa, however, contends that because the arbitration procedures did not follow those outlined in the statutes the award is impeachable under 45 U.S.C. § 159 (1970), which provides that a petition for impeachment shall be entertained on the following ground:

(a) . . . the award plainly does not conform to the substantive requirements laid down by this [Act] for such awards, or that the proceedings were not substantially in conformity with this [Act].

" . . . (D)efects in proceedings prior to or during arbitration may be waived by a party's acquiescence in the arbitration with knowledge of the defect." *Order of Railway Conductors, etc. v. Clinchfield Railroad Co.,* 407 F.2d 985, 988 (6th Cir. 1969). If Lufthansa had felt it necessary to have arbitration conducted under the statutory provisions of the Act it should have objected before the process began. "A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act." *Ficek v. Southern Pacific Company,* 338 F.2d 655, 657 (9th Cir. 1964).

AFFIRMED.