### AIR LINE PILOTS ASSOCIATION INTERNATIONAL, Plaintiff,

v.

### AVIATION ASSOCIATES, INC., d/b/a Eastern Metro Express, Defendant.

### Civ. No. 90–2055 GG.

United States District Court,
D. Puerto Rico.

March 28, 1991.

Gary Green, Elizabeth Ginsburg, Washington, D.C., Ginoris Vizcarra De Lopez–Lay, Santurce, Puerto Rico, for plaintiff.

A.J. Harper, II, Houston, Tex., Lawrence E. Duffy, San Juan, Puerto Rico, for defendant.

### OPINION AND ORDER

GIERBOLINI, District Judge.

The issue before the court is the proper role of labor arbitrators in resolving issues submitted for arbitration. Specifically, we must determine whether the arbitrator in the instant case acted beyond his authority in making an award retroactive.

### I. BACKGROUND

Plaintiff Air Line Pilots Association International ("ALPA") brought this action to enforce an arbitration award against Aviation Associates, Inc., pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ALPA is the labor organization designated for collective bargaining purposes as the exclusive representative of the pilots employed by defendant Aviation Associates, Inc. ("AAI"), an airline operating company.[1] ALPA has filed a motion for summary judgment which argues that the award

---

1. AAI is a subsidiary of Metro Airlines, Inc.

was properly made retroactive by the arbitrator. Defendant opposes plaintiff's motion and has filed a cross-motion for summary judgment which argues that in making the award retroactive, the arbitrator exceeded his contractual authority, or alternatively, that the issue of retroactivity was outside the issues submitted for resolution. For the reasons stated below, we grant plaintiff's motion for summary judgment.

## II. SUMMARY JUDGMENT

In determining whether summary judgment is appropriate, the court must view the record in the light most favorable to the party opposing the motion, and indulge all inferences favorable to that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 633–34 (1st Cir.1990); *Amsden v. Moran*, 904 F.2d 748 (1st Cir. 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir.1989).

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) establishes that the party moving for summary judgment has the initial burden of showing "the absence of a genuine issue concerning any material fact." *Id.* at 159, 90 S.Ct. at 1609. If the movant shows that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-movant to establish the existence of a genuine issue of material

fact. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.[2] The materiality of a fact is determined according to the substantive law that governs the dispute. A fact is material only if it affects the outcome of the suit. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. A material fact creates a genuine issue for trial "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." 477 U.S. at 248, 106 S.Ct. at 2510.

In deciding ALPA's motion for summary judgment, we examine the facts in the light most favorable to the non-moving party, in this case, AAI. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 633–34 (1st Cir.1990); *Roy v. Augusta*, 712 F.2d 1517 (1st Cir.1983). Applying this standard, and after an extensive review of the record, and according the non-moving party the indulgence required, we find that AAI has not presented specific facts showing a genuine issue for trial. *Medina Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990).

## III. FACTS

ALPA and AAI negotiated and executed a collective bargaining agreement governing certain terms and conditions of employment for, among others, the AAI pilots. In a separate Letter of Agreement (the "Side Letter"), ALPA and AAI agreed to negotiate separately wage rates, scheduling and bidding rights, training and other economic benefits. In the event that those negotiations failed to result in an agreement, ALPA and AAI agreed to submit the unresolved issues to final and binding arbitration.

The Side Letter provides:
1. Within ten (10) days subsequent to the signing of the Agreement representatives of the Company and Association

---

2. *See generally* Louisell, Hazard & Tait, *Cases and Materials on Pleading and Procedure: State and Federal* 170 (6th ed. 1989) ("[A]s the Court stated in *Celotex,* the nonmoving party does not necessarily have to produce evidence in a form

that would be admissible at trial. And, as the *Adickes* Court said, the nonmoving party does not have to adduce evidence at all until the moving party satisfies its initial burden of showing the absence of a genuine issue of fact").

shall meet to negotiate a side letter agreement containing exceptions to the basic Agreement which shall apply to the operations of Aviation Associates, Inc. only. Such exceptions shall be limited to necessary modifications of Articles 5, 6, 10, 12 and 20 and shall be limited to aircraft of less than fifty-one (51) seats. 2. In the event no agreement is reached within ten (10) days of the commencement of negotiations, either party hereto may invoke final and binding arbitration of the unresolved issues. The selection of the neutral and subsequent arbitration, decision and implementation shall take place as set forth in Article 1, Section 6(a) and (b) of the Agreement.

Article 1, section 6(b) referred to in the Side Letter is the relevant arbitration clause of the Basic Agreement. It provides:

> In the event that the parties do not reach agreement within one-hundred-twenty (120) days of the start of negotiations, the parties agree that all open issues shall be determined by final and binding arbitration ... The arbitrator shall have the authority, in consultation with the parties, to establish procedural rules for an expeditious hearing and decision upon the issues ... The intent of this provision is that a decision shall be issued within one-hundred-eighty (180) days after date of acquisition or start-up. Any award shall be effective on the first day of the next month period which starts thirty (30) days after issuance and shall run concurrently with the duration of this Agreement.

In May and June 1989, the parties held negotiations, but eventually reached an impasse. In accordance with the Side Letter, the parties selected an arbitrator, Preston Moore, and scheduled a hearing on September 25, 1989 in the Virgin Islands. With the advent of Hurricane Hugo, the hearing had to be postponed. It was finally held in San Juan on December 18 and 19.

During the hearing the question of when the award should become effective did not arise. The issue of retroactivity was first raised by ALPA in a post-hearing brief.

ALPA requested that the new rates to be set by Arbitrator Moore be made retroactive to October 15, the last day of the 180–day period of negotiation and arbitration contemplated by Article 1, Section 6 of the Basic Agreement. AAI did not respond to ALPA's retroactivity argument.

Arbitrator Moore issued his decision on March 7, 1990. The Arbitrator ruled on the various pay-related issues and with respect to the effective date of the award, he noted that the resolution of the matters in controversy had been delayed by Hurricane Hugo and the court reporter's failure to present the transcript to the parties in a reasonable period of time. Presumably relying on the argument made in ALPA's post-hearing brief, Arbitrator Moore ruled that the new pay rates be made retroactive to October 15, 1989.

Upon receipt of the award, AAI promptly wrote to the Arbitrator stating that insofar as the award made retroactive the pay rates, it was contrary to the provisions of Article 1, Section 6(b) of the Collective Bargaining Agreement. AAI requested the Arbitrator to modify the award to be effective beginning May 1, 1990. Ten days later, Arbitrator Moore issued a purported amendment to the award, reversing his decision on retroactivity and setting May 1, 1990, as the effective date of the award. Upon ALPA's objection to the amendment, Arbitrator Moore held the amendment invalid and improper.

AAI refused to implement the retroactive portion of the award and this suit followed.

## IV. ANALYSIS

■ We begin by noting that the Arbitrator's decision constitutes a reasonable interpretation of two conflicting provisions in Article 1, section 6(b) of the Basic Agreement. These two conflicting statements follow each other. The parties contended that an arbitral decision on these matters would "be issued within one hundred-eighty (180) days ..." And "[a]ny award shall be effective on the first day of the next month period which starts thirty (30) days after issuance ..." Art. 1, Sec. 6(b).

In the instant case, the Arbitrator interpreted this provision in the Collective Bargaining Agreement as setting the effective date for the award to commence at the expiration of the 180 days.

Arbitrators have to interpret contracts submitted for their resolution and we must give substantial deference to their interpretation. *United Steelworkers v. American Mfg.*, 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960) ("[T]he courts, therefore, have no business ... determining whether there is particular language in the written instrument which will support the claim."). The issue in this case is not whether Arbitrator Moore rendered the most correct or reasonable decision on the issue of retroactivity, but whether his decision constitutes a manifest error of law or a gross error of fact. *Maine Cent. R. v. Broth. of Maintenance of Wary Emp.*, 663 F.Supp. 425, 429 (D.Me.1987) (citations omitted). The narrow scope of judicial review of labor arbitration awards is designed to further the federal policy of resolving labor disputes by arbitration. *Misco*, 484 U.S. at 36, 108 S.Ct. at 369 (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)).

The Supreme Court has used sweeping language to describe the role of arbitrators in resolving disputes like the one in question. In *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987), the Court held that "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." 484 U.S. at 38, 108 S.Ct. at 371. "It is a firm principle of federal labor laws that where parties agree to submit a dispute to binding arbitration, absent unusual circumstances, they are bound by the outcome of said proceedings." *Posadas de Puerto Rico Ass'n, Inc. v. Asociación de Empleados de Casino de Puerto Rico*, 821 F.2d 60, 61 (1st Cir.1987).

AAI contends that the award exceeded the Arbitrator's contractual authority and it should not be enforced as to its retroactive effect. We disagree. The language of Article 1, Section 6(b) as to when the award is to be effective seems on the surface clear and unequivocal. However, this case shows that even clear and unequivocal language may become ambiguous under certain circumstances. Due to Hurricane Hugo and the delay by the court reporter, the resolution of those matters went beyond the 180–day limit prescribed under Article 1, Section 6(b). Although AAI interpretation of the language of Section 6(b) may be correct, we find that the language of Section 6(b) under the circumstances of this case is ambiguous. We hold that Arbitrator Moore's interpretation of the award to have a retroactive effect to October 15, 1989 is more than plausible. *United States Postal Serv. v. National Ass'n of Letter Carriers*, 789 F.2d 18, 20 (D.C.Cir.1986); *Hughes Aircraft Co. v. Electronic & Space Technicians Local 1553*, 822 F.2d 823, 826 (9th Cir.1987). It was reasonable to respect the bargained for provision stating that the parties' intent was to ensure a decision of disputed matters within 180 days. *See Berklee College of Music v. Local 4412*, 858 F.2d 31 (1st Cir.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 53, 107 L.Ed.2d 22 (1989) (Arbitrator's interpretation that untimeliness of a grievance filing was *de minimis* is not unreasonable).

■ Alternatively, AAI contends that retroactivity of the award was not one of the issues presented for decision. We think AAI's contention gives more importance to labels than to logic. As the Ninth Circuit has stated: "[I]f the evidence before the Court for purpose to exclude a particular claim from arbitration is not sufficiently forceful, the result ... is that the answer has been found and that the underlying dispute is arbitrable." *Communications Workers v. Pacific Northwest Bell Tel. Co.*, 337 F.2d 455, 459 (9th Cir.1964). The fact retroactivity was not *explicitly* submitted for resolution does not mean that retroactivity was not clearly before the Arbitrator. The Arbitrator had a duty to construct the agreement and decide when the award became effective. *See John Wiley & Sons v. Livingston*, 376 U.S. 543,

557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964) ("procedural questions which grow out of a dispute and bear on its final disposition should be left to the arbitrator.") Indeed, AAI should have raised the issue of retroactivity after ALPA had argued for it in its post-hearing brief.

## V. CONCLUSION

We think that the parties could have used different language to avoid drawing the conflicting interpretation that Article 6, Section b manifest. *Berklee College of Music*, 858 F.2d at 33. The following language would have made the provision less ambiguous: "The intent of this provision is that a decision upon the issues be issued within one-hundred-eighty (180) days ... [Notwithstanding the above], [a]ny award shall be effective on the first day of the next month period which starts thirty (30) days after issuance ..." Article 1, section 6(b) contains no such express constraint on the authority of the arbitrator to interpret it.

In short, Arbitrator Moore's decision on the issue of whether the award should be effective retroactively is not unfounded in reason and fact or "mistakenly based on a crucial assumption which is 'concededly nonfact.'" *Bettencourt v. Boston Edison Co.*, 560 F.2d 1045, 1050 (1st Cir.1977) (citation omitted). As the Supreme Court recently stated "The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *Misco*, 484 U.S. at 36, 108 S.Ct. at 370.

For the foregoing reasons, AAI's cross-motion for summary judgment is hereby DENIED. ALPA's motion for summary judgment is hereby GRANTED. The clerk shall enter judgment accordingly.

SO ORDERED.

