**AIR LINE PILOTS ASSOCIATION INTERNATIONAL, Plaintiff, Appellee,**

v.

**AVIATION ASSOCIATES INC., d/b/a Sunaire Express, Defendant, Appellant.**

**No. 91–1653.**

United States Court of Appeals, First Circuit.

Heard Nov. 5, 1991.

Decided Jan. 28, 1992.

Rehearing and Rehearing En Banc Denied Feb. 24, 1992.

---

A.J. Harper, II with whom Teri L. Danish, Fulbright & Jaworski, Houston, Tex., and Lawrence E. Duffy, San Juan, P.R., were on brief for Aviation Associates, Inc.

Suzanne L. Kalfus with whom Gary Green, Elizabeth A. Ginsburg, Washington, D.C., Ginoris Vizcarra de Lopez–Lay and Lopez–Lay & Vizcarra, Santurce, P.R., were on brief for Air Line Pilots Ass'n Intern.

Before CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and SKINNER,* District Judge.

SKINNER, District Judge.

This appeal is from a summary judgment of the district court enforcing an arbitrator's award. It requires us to consider the effect of one of the minor derangements caused by "Hugo," a fierce hurricane which devastated the Virgin Islands and Puerto Rico in September 1989.

Air Line Pilots Association International ("ALPA"), the plaintiff-appellee, is the collective bargaining unit for the airline pilots employed by Aviation Associates, Inc. ("AAI"), the defendant-appellant. Labor relations between the parties are governed by the Railway Labor Act, 45 U.S.C. § 151, *et seq.* by virtue of § 187 thereof.[1] Under

---

* Of the District of Massachusetts, sitting by designation.

1. The parties have ignored the provisions of § 157 and § 159, but these provisions may be waived by the parties. Compliance with the statute is not a prerequisite to the exercise of jurisdiction by the district court. *Kreiter v. Lufthansa German Airlines, Inc.,* 558 F.2d 966 (9th Cir.1977).

the April, 1989 collective bargaining agreement between ALPA and AAI's parent company, wages and other conditions of employment of the AAI pilots were to be negotiated separately, and if negotiation failed, they were to be submitted to binding interest arbitration.

Negotiations did indeed fail, and in July of 1989 the parties selected Preston J. Moore as the sole arbitrator. The parties agreed to begin hearings on September 25, 1989, on St. Croix, but the destruction wrought by the hurricane made it impossible to hold hearings as scheduled. ALPA suggested moving the hearing to another location, but AAI wished to continue it to another time. There was a further delay, apparently due to the unavailability of one of AAI's witnesses. ALPA consented to these delays but advised counsel that it was its position "that any award should be retroactive to compensate for the delays," according to the affidavit of James L. Dabney, the contract administrator for ALPA. Further, "AAI's representative acknowledged [ALPA's] position, but did not express agreement or disagreement." This view of these communications is contested in the affidavit of A.J. Harper II, the chief negotiator for AAI, who gives the following account:

> Rather, ALPA's only comment to counsel for AAI—but not the arbitrator—was that it might seek to have the arbitrator make a retroactive award to compensate for the delay in the holding of the hearing. I advised ALPA that it was free to present the issue to the arbitrator if it so desired. It did not do so until its post hearing brief.

Eventually the hearing was held in San Juan, Puerto Rico, on December 18 and 19, 1989. Difficulty in obtaining the transcript of the hearing caused additional delay. The arbitrator issued his decision on March 7, 1990, awarding pay increases to the employees represented by ALPA, among other things. The issue of retroactivity was not considered during the hearing, and was called to the arbitrator's attention for the first time by ALPA's post-hearing brief:

Additionally, The Association submits that new pay rates should be effective April 13, 1989, the date that the collective bargaining agreement was signed.

In no case should new pay rates be effective later than October 15, 1989—the end of the 180 period [*sic*] that the parties set out in Article 1 for resolution of remaining open items and receipt of an arbitrator's award.

On March 7, 1990, the arbitrator issued his decision, making the new pay rates retroactive to October 15, 1989. He noted the delay in the proceedings with the following comment:

> None of the above is the fault of either party but is simply noted for the reason that the parties had agreed this matter should be resolved within 180 days as was set out in Article 1 of the resolution of the open items and receipt of the arbitrator's award.

In Article 1(b) of the collective bargaining agreement, which established the arbitration procedure, the last two sentences are devoted to timing:

> The intent of this provision is that a decision shall be issued within one-hundred-eighty (180) days after date of acquisition or start-up. Any award shall be effective on the first day of the next month period which starts thirty (30) days after issuance and shall run concurrently with the duration of this agreement.

Upon receipt of the arbitrator's decision, counsel for AAI wrote the arbitrator on March 16, 1990, that the retroactive application of the new pay rates violated the second quoted sentence of Article 1(b) and requested that the award be modified so that the pay rates would become effective on May 1, 1990. ALPA had received a copy of this letter on March 20 but had not replied by March 25. On March 25, 1990, the arbitrator issued an amended award, making the new pay rates effective on May 1, 1990.

On March 30, 1990, ALPA wrote the arbitrator that the original award was final and binding, that once the award issued the arbitrator became *functus officio* and that

the amendment must be rescinded. On April 2 the arbitrator replied to ALPA that he now considered the amendment to be invalid and improper. He withdrew the amendment and reinstated the original award. AAI refused to pay the new rates for any period prior to May 1, 1990, however, and ALPA brought this action in the district court of Puerto Rico to enforce the original award. The district court allowed ALPA's motion for summary judgment and ordered AAI to pay the new wage rates retroactively as required by the award. 762 F.Supp. 6. AAI appeals from that judgment.

■ Summary judgment is clearly an appropriate mode for the resolution of an action to enforce an arbitrator's award. The ordinary analysis of motions under Fed.R.Civ.P. 56 is not particularly helpful, because the enforcement proceeding is by nature summary. Disputes of fact should have been resolved by the arbitrator, and may not be addressed by the district court, even if the court is convinced that the arbitrator committed serious error. *See United Paperworkers International v. Misco, Inc.,* 484 U.S. 29, 38, 108 S.Ct. 364, 371, 98 L.Ed.2d 286 (1987).

The district judge ruled that the timing provisions of the collective bargaining agreement, while originally unambiguous, had been rendered ambiguous by events. In his view the arbitrator had resolved the ambiguity reasonably, and according to *Misco, supra,* ALPA was entitled to a judgment enforcing the award.

■ An award, even though reasonable, is not automatically entitled to enforcement. An award should not be enforced if is tainted by fraud or corruption, *see Misco,* 484 U.S. at 38, 108 S.Ct. at 371, if the contract itself contravenes public policy, *see id.* at 42, 108 S.Ct. at 373 (citing *W.R. Grace & Co. v. Rubber Workers,* 461 U.S. 757, 766, 103 S.Ct. 2177, 2183, 76 L.Ed.2d 298 (1983)), or if the arbitrator exceeds his authority, *see Georgia–Pacific Corp. v. Local 27, United Paperworkers Int'l Union,* 864 F.2d 940, 944 (1st Cir. 1988) (citing *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424

(1960)). The first two conditions do not apply to this case, but AAI contends that the arbitrator had no authority to order retroactive application of the award because the agreement contained no ambiguity.

■ The authority of an arbitrator is derived from the agreement of the parties. *See Strathmore Paper Co. v. United Paperworkers Int'l Union,* 900 F.2d 423, 426 (1st Cir.1990); *Georgia–Pacific,* 864 F.2d at 944. No question of retroactivity appears in the underlying agreement in this case because it was contemplated that the arbitration would proceed according to schedule. As the district judge correctly observed, however, while the original language was facially unambiguous, an ambiguity was created by subsequent events. There was, moreover, a subsequent understanding between the parties that the issue of retroactivity could be presented to the arbitrator. Paragraph 7 of the affidavit of A.J. Harper II, the attorney for AAI, recites the following exchange:

Rather, ALPA's only comment to counsel for AAI—but not the arbitrator—was that it might seek to have the arbitrator make a retroactive award to compensate for the delay in the holding of the hearing. *I advised ALPA it was free to present the issue to the arbitrator if it so desired.* It did not do so until its post hearing brief. [Emphasis supplied.]

Clearly the parties contemplated raising the issue of retroactivity before the arbitrator. Furthermore, in his letter to the arbitrator of March 16, 1990, Attorney Harper refers to the arbitrator's "retention of jurisdiction" for the purpose of correcting the effective date. AAI is, at the very least, estopped to deny jurisdiction in view of Attorney Harper's statement and subsequent letter. We rule that under these circumstances, the arbitrator had the authority to resolve any ambiguity in the contract language and render a decision on the retroactive application of his award.

AAI argues, however, that there was no ambiguity because the thirty day provision is stated in mandatory terms ("Any award shall be effective ... [etc]"), while the 180

day provision is cast in terms of the intent of the parties. Hence, the thirty day provision is controlling. The assignment of relative importance to these two sentences, however, is for the arbitrator in the first instance. *See International Brotherhood of Electrical Workers, Local 1228 v. WNEV–TV, New England Television Corp.,* 778 F.2d 46, 48 (1st Cir.1985). Intent of the parties is, after all, a principal criterion in the construction of contracts. *See, e.g.,* Restatement (Second) of Contracts § 202(1).

In this case, the arbitrator arrived at his several determinations of effective date without the benefit of a hearing. Even given the desirability of a retroactive date, October 15, 1989 does not fit APLA's theory that one should assume that the decision was rendered on the last day of the 180 day period. Under Article 1(b) award would still not be effective until "the first day of the next month period which starts thirty (30) days after issuance," i.e., December 1, 1989. As far as the record shows, the arbitrator never explicitly construed the contract or took testimony concerning the intention of the parties as evidenced by their communications prior to the hearing in December 1989.

In our opinion, however, the arbitrator did rule on retroactivity, albeit without a great deal of consideration and, as to the six-week discrepancy between October 15 and December 1, 1989, in apparent disregard of Article 1(b). Since we are not dealing with an omission or refusal to make a finding, or with "uncertainty," 45 U.S.C. § 159(c), we are required by the imperatives of *Misco, supra,* to affirm the judgment of the district court.

AFFIRMED.